ROBERT L. SCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FREDERICK H. SCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN W. SCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10572, 13106, 10573, 10773, 18867.   Promulgated December 28, 1927.

*Laird Bell, Esq.,* for the petitioners.
*Philip M. Clark, Esq.,* and *C. C. Holmes, Esq.,* for the respondent.

958

960

OPINION.

MARQUETTE: It is the contention of the petitioners that the contract of March 21, 1914, was in substance either a sale of John E. Scott's life estate in the 10 per cent interest in Carson, Pirie, Scott & Co. which he reserved to himself by the trust agreement of January, 1911, or a reservation at law to himself and wife of part of the income from such interest, and that in either event the payments made by the petitioners to their mother in 1921 and 1922, pursuant to the contract, were properly deductible from the total income

received by them. The respondent, on the other hand, urges that the contract of March, 1914, was what it purported to be on its face, a sale by the father to the sons of the father's interest in the partnership in consideration of certain annual payments to be made to the father and mother during their lives, and that the payments involved herein are capital expenditures and therefore not deductible in computing the petitioners' net income.

We will first discuss the petitioners' second contention, that the contract of March 21, 1914, was in substance a reservation of income by John E. Scott. We can not, however, agree with that contention. It is true that so long as the sons performed their part of the contract and paid to the father annually the amount of $36.000, he was, in so far as his annual income was concerned, in exactly the same position as he would have been in if he had expressly reserved to himself $36,000 of the annual income of the partnership, that is, his income in each year was $36,000. However, there was in law no reservation. Under the contract the interest in the partnership passed to the sons absolutely and they were free to dispose of it as they might see fit. The amounts to be paid to the father and to the mother were not charges on the partnership interest or the income thereof, and if the petitioners had, immediately after the contract was executed, sold the interest thereby conveyed to them, the purchaser would have taken a clear and unencumbered title and would have been entitled to the free and unrestricted enjoyment of the interest and the income therefrom. Upon the failure of the petitioners to make the annual payments provided by the contract, neither the father nor the mother would have had any interest in or charge upon the property or rights conveyed by the contract of March 21, 1914, but they would have been limited to an action at law against the sons to collect the yearly payments if and when they accrued under the contract. We are of the opinion that there is no merit in this contention of the petitioners.

The petitioners argue that by the trust instrument of January, 1911, the father divested himself of title to the interest in the partnership, reserving to himself for life the income thereof, or in other words, what amounted to a life estate therein; that on March 21, 1914, he had nothing to convey to his sons except his life estate in, or the right to the income from, the interest in the partnership, and that by the contract of that date he intended to convey, and in fact did convey only the life estate, although in terms he revoked the trust and purported to make a new conveyance of the entire partnership interest.

It may be admitted for the sake of argument that John E. Scott, by the contract of March, 1914, intended to and did convey to his sons only the right to the income from the 10 per cent interest in

the partnership which he had theretofore reserved to himself under the trust agreement of January, 1911, but it does not follow therefrom that the payments to the mother in 1921 and 1922 were a part of the consideration paid for the conveyance of such life estate or the right to receive income. By the trust agreement John L. Scott conveyed his interest in the partnership to Robert L. Scott and his two brothers, reserving to himself the right to the income during his life. Upon the death of John E. Scott the trust was to terminate and the corpus thereof was to be divided among the three sons. As a part of the consideration for the execution of the trust agreement the sons agreed to pay to their mother, after the termination of the trust, the amount of $20,000 annually during her life. These annual payments, which were not to begin until after the trust had terminated and the sons had received both the corpus and the right to the income therefrom, were obviously not in consideration of the father's life estate, for that was reserved, not passed, by the trust instrument. It is much more logical and reasonable to hold that they were intended as a consideration for the transfer of the corpus. The sons were, therefore, when the contract of March, 1914, was executed, already obligated to pay to their mother after their father's death, $20,000 per year as a consideration for the transfer to them of the corpus of the trust property and such payments were not the consideration for the transfer to them of their father's life estate. There may be merit in the contention that the payments to the father of $36,000 per year under the contract of March, 1914, were made in consideration of his relinquishment of the right to the income from the partnership interest, but they ceased upon the father's death and are not involved herein. The payments which we are considering are those the sons made to their mother and which, except that they have been somewhat increased in amount, would have been required even if the contract of March, 1914, had never been executed. We attach no particular weight to the fact that by the contract of March, 1914, the payments to the mother were increased in amount, and we are of the opinion that considering the contract as merely a conveyance of the father's right to the income from the partnership interest, the payments to the mother, which are the only ones involved herein, were not made as a consideration therefor. For the reasons stated we approve the respondent's action in disallowing them as deductions from petitioners' income.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TRUSSELL dissents.